**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------

| | | |
|---|---|---|
| DANIEL CIANCI | : | |
| 539 E Brinton Avenue | : | CIVIL ACTION NO.: |
| Philadelphia, PA 19144 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| J.R. BALSAN, INC. D/B/A JOHNSTONE | : | |
| SUPPLY | : | |
| 55 Country Club Drive, Suite 201 | : | |
| Downingtown, PA 19335 | : | |
| Defendant. | : | |

---------------------------------------------------

## COMPLAINT – CIVIL ACTION

Plaintiff, Daniel Cianci ("Plaintiff"), by and through his undersigned attorney, for his Complaint against J.R. Balsan, Inc. d/b/a Johnstone Supply ("Defendant"), alleges as follows:

### INTRODUCTION

1. Plaintiff brings this Complaint contending Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* with respect to discrimination on the basis of his disabilities and in retaliation for his requests for reasonable accommodations in connection thereto.

### PARTIES

2. Plaintiff, Daniel Cianci, is a citizen of the United States and the Commonwealth of Pennsylvania, and currently maintains a residence at 108 5th Avenue Unit A Broomall, PA 19008.

3. Upon information and belief, Defendant, J.R. Balsan, Inc. d/b/a Johnstone Supply, is a for-profit company organized and existing under the laws of the Commonwealth of

Pennsylvania and maintains a principal place of business located at 55 Country Club Drive Suite 201 Downingtown, PA 19335.

## JURISDICTION AND VENUE.

4. The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

5. On or about June 19, 2024, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), thereby satisfying the requirements of 42 U.S.C. § 2000e5(b) and (c). Plaintiff's EEOC Charge was docketed as EEOC Charge No. 530-2024-06995. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

6. By correspondence dated April 6, 2026, Plaintiff received a Notice of Rights to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against Defendant.

7. Plaintiff filed the instant action within the statutory time frame applicable to his claims.

8. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintain this action.

9. This is an action authorized pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*; and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

2

11.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative fact as the federal claims.

12.     The venue in this district is proper to 28 U.S.C. § 1391, inasmuch as Defendant conducts business therein and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

13.     The preceding paragraphs are hereby incorporated by reference, as though the same were fully set forth at length herein.

14.     Plaintiff began his employment with Defendant on or about February 1, 2016, in the role of Territory Manager.

15.     At all times material hereto, Plaintiff performed his job well, receiving occasional praise and no justifiable discipline.

16.     By way of background, Plaintiff served in the Army from approximately 2008 through 2014.

17.     In or about 2009, Plaintiff was deployed to Iraq for approximately twelve (12) months.

18.     Plaintiff suffers from Post-Traumatic Stress Disorder ("PTSD") and depression, which constitute disabilities within the meaning of the ADA and PHRA in that they substantially limit one or more major life activities.

19.     Plaintiff disclosed the aforementioned disabilities to Defendant in or about 2020.

20.     By way of example, on or about February 14, 2020, Plaintiff temporarily resigned from his employment with Defendant and stated in his letter of resignation, "I will be taking this

time to work on myself in regards to my mental health and other issues that I have neglected throughout the years."

21.     Plaintiff also had follow-up conversations with Defendant's President Andy Balsan and HR Manager Jane Balsan in which he elaborated on the reasons for his resignation and explicitly disclosed his disabilities.

22.     Plaintiff resumed his employment with Defendant in or about August 2020 and continued to excel in his role as Territory Manager.

23.     By way of example, Plaintiff outperformed each of Defendant's twenty-two (22) other Territory Managers in new business for the month of January 2024.

24.     Plaintiff's manager John Murray also praised Plaintiff's January 2024 performance in an email on or about February 6, 2024, in which he stated that Plaintiff had "[c]rushed it!" during that month.

25.     On or about February 13, 2024, Plaintiff was scheduled to conduct an inventory audit of Defendant's consignment inventory with a customer named Adam Mechanical.

26.     At the time, however, Plaintiff had recently learned that two individuals with whom he had served during his time in the Army had committed suicide, which began to exacerbate Plaintiff's PTSD and depression.

27.     Plaintiff requested Defendant provide him a reasonable accommodation pursuant to his disabilities to reschedule the audit for February 16, 2024.

28.     On February 16, 2024, Plaintiff completed the Adam Mechanical inventory audit along with his manager John Murray and DJ Hardy.

29.     The day after the February 16 inventory audit for Adam Mechanical, on or about February 17, 2024, Plaintiff informed John Murray via text message that he was prescribed Effexor

4

to treat his depression and that the recent passing of two individuals with whom he had served had been amplifying his PTSD.

30.     In response, John Murray stated, "I don't even know what to say to that."

31.     Two days later, on or about February 19, 2024, Defendant informed Plaintiff it was terminating his employment due to his alleged "absenteeism and a lack of communication with John Murray, [Plaintiff's] manager and with DJ, the branch manager."

32.     It is believed and therefore averred that Defendant's alleged reason for Plaintiff's termination was pretextual and that Defendant discriminated against Plaintiff by unlawfully terminating his employment on the basis of his disabilities and in retaliation for his requests for reasonable accommodations in connection with the same, in violation of the ADA and PHRA.

33.     As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, health and/or retirement benefits, loss of potential benefits, and other economic damages.

## COUNT I
## AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, et seq.
## DISCRIMINATION & RETALIATION

34.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

35.     At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq.

36.     At all times relevant hereto, Defendant had at least fifteen (15) employees.

5

37.    Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities, as his PTSD and depression substantially limit his ability to engage in one or more major life activities.

38.    Despite his disabilities, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

39.    Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

40.    By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff because of his actual and/or perceived disabilities and because of his record of disability/impairment.

41.    Additionally, Defendant, through its agents, officers, servants and/or employees, has violated the ADA by terminating Plaintiff in retaliation for his request(s) for a reasonable accommodation in connection thereto.

42.    As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of earnings, earnings potential, other significant economic benefits, emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A.    Back wages, front pay, and bonuses in an amount to be determined at trial, but no less than one hundred and fifty thousand dollars ($150,000);

B.      Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C.      Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D.      Pre-judgment interest in an appropriate amount; and

E.      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 P.S. § 951, et seq.**
**<u>DISCRIMINATION & RETALIATION</u>**

43.     The preceding paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

44.     Plaintiff is a qualified individual with a disability/handicap within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, <u>et seq.</u> and as such is a member of a class protected under the PHRA from unlawful discrimination and/or retaliation.

45.     As described above, Plaintiff's disabilities substantially limit Plaintiff in one or more major life activities.

46.     Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

47.     Plaintiff requested a reasonable accommodation in connection with his disabilities.

48.     By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, violated the PHRA by terminating Plaintiff because of his actual and/or perceived disabilities, his past record of impairment/disability, because it regarded him as being disabled

7

within the meaning of the PHRA, and/or in retaliation for requesting a reasonable accommodation for his disability.

49. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, bonuses, and compensatory damages in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

C. Pre-judgment interest in an appropriate amount; and

D. Such other and further relief as is just and equitable under the circumstances; and,

E. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

8

By:    /s/ *Johannes Hoffman*
        Johannes Hoffman, Esq.
        Michael Murphy, Esq.
        Eight Penn Center, Suite 1803
        1628 John F. Kennedy Blvd.
        Philadelphia, PA 19103
        TEL: 267-273-1054
        FAX: 215-525-0210
        jhoffman@phillyemploymentlawyer.com
        murphy@phillyemploymentlawyer.com
        Attorneys for Plaintiff

Dated: April 28, 2026

9

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.